IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

THEODORE JOSEPH WILLIAMS, an individual

Plaintiff,

v.

MERRICK GARLAND, Attorney General

ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security

UR JADDOU, Director, U.S. Citizenship and Immigration Services

ROB MATHER, District Director, USCIS District 19

ANDREW LAMBRECHT, Field Office Director, USCIS Denver Field Office

Defendants.

**COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT
AND/OR WRIT OF MANDAMUS**

COMES NOW, Plaintiff, Mr. Theodore Joseph Williams ("Plaintiff"), by and through undersigned Counsel, states the following in support of their Complaint for Relief under the Administrative Procedure Act ("APA") and in the alternative, relief in the form of a Writ of Mandamus.

**Introduction**

This is a civil action brought in the nature of a prayer for relief under the APA, as the Defendants have failed to act by unlawfully withholding or unreasonably delaying the

adjudication of the form I-751, Petition to Remove Conditions on Residence filed by the Plaintiff on October 11, 2018. The APA allows for review of final agency action when a person is "suffering a legal wrong because of agency [in]action" or is "adversely affected or aggrieved by agency [in]action" and gives such a person the right to judicial review of the matter. 5 USC § 702. The agency action need not be final when the agency's action is so long delayed that the requested action appears to be constructively denied. 5 USC § 706(1); *Matter of Stowers*, 22 I&N Dec. 605, 612-614 (BIA 1999). The agency has refused or failed to act on the Plaintiff's petition for a period of fifty-four (54) months and he is suffering a legal wrong due to this inaction.

In the alternative, Plaintiff requests a writ of mandamus under 28 USC § 1361 and for declaratory and injunctive relief to compel final agency action that has been unlawfully withheld and unreasonably delayed with respect to the adjudication of the Petition. Plaintiff, through either instant or prior counsel, has made no fewer than ten inquiries over this period of 54 months and has not received a reason for the delay, nor has his Petition been adjudicated. Therefore, the Agency is unreasonably withholding and unreasonably delaying final agency action.

**Jurisdiction**

1. This Court possesses subject matter jurisdiction pursuant to, with regards to the Mandamus charge, 28 USC §§ 1331 (Federal Question), 1361 (Mandamus) and 2201(a) (Creation of Remedy); and with regards to the APA charge, 28 USC § 1331; 5 USC §§ 555(b) (Failure to Complete Agency Process) and 702 *et seq.* (APA). The Court also possesses jurisdiction relating to both claims pursuant to 28 USC § 1361 (mandamus), as all defendants are officers or employees of the United States.

Complaint for Relief Under the
APA and Writ of Mandamus

2. Although government agencies are generally immune from suit, Congress has explicitly waived immunity with regard to claims arising under the APA. 5 USC § 702.

3. Although Agency action is not final currently, such exhaustion or finality is not required for review under the APA when the claim is that the Agency has unlawfully withheld or unreasonably delayed action. 5 USC § 706(1); *Dhakak v. Sessions*, 895 F.3d 532, 538 n. 9 (7th Cir. 2018). The Agency's failure and refusal to adjudicate this Petition may also be deemed by the Court to be a constructive denial.

4. Review of this claim is not precluded by the jurisdiction-stripping provisions found at 8 USC § 1252(a)(2)(B) for two reasons: this application does not give discretion to the Department of Homeland Security (hereinafter "the Department") regarding the issuance of a decision on the Petition; there is no provision allowing the Agency to decide not to either Approve or Deny the Petition. and we are not asking this Court to for the Department to approve the application. We are asking for this Court to direct the Department to decide in this matter because such decision has been either unlawfully withheld for 54 months, or the Department has unreasonably delayed the adjudication of the Petition.

5. Plaintiffs will seek costs and attorney's fees. The Court has the jurisdiction to order such costs and fees pursuant to the Equal Access to Justice Act, 5 USC § 504 and 28 USC § 2412(d) *et seq.*

## Venue

6. Venue is proper in the District of Colorado, Denver, court, as the Plaintiff seeks adjudication of his Petition to Remove the Conditions of his Lawful Permanent

3

Complaint for Relief Under the
APA and Writ of Mandamus

Residence with a waiver of the joint-filing requirement, and he is a resident of Basalt, Eagle County, Colorado. 8 USC 1447(b).

7. This Application is currently processing at the Denver Field Office of United States Citizenship and Immigration Services (hereinafter "USCIS"), an agency under the Department.

8. Venue for a mandamus action is proper in the judicial district in which the defendant "resides;" in which a substantial part of the events or omissions giving rise to the claim occurred; or in which the plaintiff resides. 28 USC § 1391(e).

9. Because Plaintiff's Application is pending at the Denver Field Office, a substantial part of the events or omissions giving rise to the claim occurred there. *Id.* As such, venue is appropriate in the Denver Court for the District of Colorado.

**Parties**:

10. Plaintiff, Mr. Theodore Joseph Williams, filed a Form I-751, Petition to Remove Conditions on Residence under INA § 216, 8 USC § 1186a on October 11, 2018. He also requested a waiver of the joint filing requirement, as he both entered into the marriage in good faith, and he would suffer hardship if the waiver were not granted. 8 U.S.C. § 1186a(c)(4)(A) and (b). Exh. 1. USCIS also referred Mr. Williams to immigration court prior to his filing of the I-751 Petition. Exh. 2. Due to the COVID pandemic, Mr. Williams' immigration court case has stalled, but the Court is aware of this pending petition. The immigration court case cannot move forward and be resolved absent a decision on the Petition referenced above. Mr. Williams is a citizen and national of the United Kingdom, having been born in Sheffield South Yorkshire, England. Mr. William's address is 110 Harris Street, Basalt, Colorado.

Complaint for Relief Under the
APA and Writ of Mandamus

11. Defendant Merrick Garland is Attorney General of the United States, whose office address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C., 20530. He is sued in his official capacity.

12. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security, which is the parent agency for USCIS. The position is required to administer USCIS and the implementation and enforcement of the INA. As such, he has ultimate decision-making authority over the matters alleged in this complaint. INA § 204, 8 USC § 1154. His address is U.S. Department of Homeland Security, Office of the General Counsel, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528-0585. He is sued in his official capacity.

13. Defendant Ur Jaddou is the of the Director of USCIS. Ms. Jaddou is responsible for the administration of immigration benefits and services including the processing of citizenship application, family and employment- based petitions, alien registration, asylum and refugee processing, and issuance of documentation evidencing immigration status and citizenship. As such, she has decision-making authority over the matters alleged in this complaint, specifically USCIS's failure to adjudicate the naturalization application appropriately under applicable constitutional, statutory, and case law. INA §304, 8 U.S.C. §1154; 5 U.S.C. § 702 *et seq*.  Her address is USCIS, Office of the Chief Counsel, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, Maryland 20588-0099, and offers and consents to email service at uscis.serviceofprocess@uscis.dhs.gov. She is sued in her official capacity.

14. Defendant Rob Mather is the District Director for District 19, which includes the Denver Field Office. In his capacity, he administers the immigration laws on behalf of the

5

Secretary of the DHS in the states of Colorado, Southern Idaho, Utah, Wyoming, and Montana. In this position, he has decision-making authority with respect to the matters alleged in this complaint. His office address is 12484 East Weaver Place, Centennial, Colorado 80111. He is sued in his official capacity.

15. Defendant Andrew Lambrecht is the Field Office Director for the Denver Field Office. In this capacity, he administers the immigration laws on behalf of the Secretary of the DHS in the state of Colorado. In this position, he has decision-making authority with respect to the matters alleged in this complaint. His office address is 12484 East Weaver Place, Centennial, Colorado 80111. He is sued in his official capacity.

## Standing

1. Plaintiff is adversely affected, and therefore have standing and are within the "zone of interest," by the Agency's failure to adjudicate the Petition. The "zone of interest" of an APA claim is defined by the statute the plaintiff argues was violated. *Assoc'n of Data Processing Service Orgs. v. Camp*, 397 U.S. 150, 154 (1970). Because the Agency has unlawfully withheld and unreasonably delayed adjudication of this Petition, the Agency's duties under the law have not been carried out as they were contemplated by the Legislature in creating the Immigration and Nationality Act. Mr. Williams is living in immigration limbo between being undocumented and a lawful permanent resident on the path to citizenship, as well as living under the jurisdiction of the immigration court, which limits his freedoms. 8 USC § 1154. He is unable to travel to his native England, and he has missed numerous holidays, births, deaths, graduations, and other family events. This has caused him immense emotional and psychological harm. He has also not been accruing time as a lawful permanent residence in the

Complaint for Relief Under the
APA and Writ of Mandamus

2. The APA creates remedy for an individual who has been aggrieved by an agency's failure to accomplish the anticipated ends of different legislation, when the Legislature leaves such accomplishment to a particular agency under the Executive branch, in a reasonably period of time. 5 USC § 706(1); 5 USC § 555(b).

3. The Plaintiff has been aggrieved by the Agency's failure and refusal to act on the underlying Petition. This has had negative impacts on Mr. William's ability to travel internationally. It has foreclosed him from utilizing many of the benefits of being a lawful permanent residence, such as international travel, accruing time towards becoming a U.S. citizen, and the potential to sponsor family members for permanent residents to reunite him with his family. Because he is no closer to naturalizing, he is no closer to voting, serving on a jury, and engaging in other civic duties and discourse that he would be entitled to engage in if he were a naturalized citizen.

4. The Plaintiff has accrued unnecessary financial burden due to the Agency's failure and refusal to adjudicate this Petition, as noted above. Mr. Williams has had to unnecessarily prepare for and attend immigration court hearings. He has had to obtain the assistance of Counsel to repeatedly, and without any results, make report after report to the Department's USCIS agency of the delay that Mr. William's application has experienced, as well as making reports to Mr. William's Senators, Senators Michael Bennett and John Hickenlooper. This has caused Plaintiff unnecessarily economic hardship, as well as placed an unnecessary burden on his finite time resources and the time resources that these Senators have expended on tracking and inquiring about Mr. William's Petition.

**Factual Allegations**

Complaint for Relief Under the
APA and Writ of Mandamus

5. Plaintiff Mr. Williams is a native and citizen of the United Kingdom. Exh. 3. He entered the U.S. on June 1, 2013 at Philadelphia, Pennsylvania on J-1 Cultural Exchange visitor visa to coach soccer in the Roaring Fork Valley. He subsequently changed his status to H-2b as a non-agricultural worker to continue coaching. He met his ex-wife, Ms. Denisse Alvarado, in the U.S. and they married on November 14, 2014. Ms. Alvarado petitioned for Mr. Williams as the immediate relative of a U.S. citizen, and he became a conditional Lawful Permanent Resident on March 16, 2016. The couple divorced on August 30, 2016, after both parties wronged each other by breaking their promises to one another to be monogamous. Mrs. Alvarado was vindictive and sent a letter to USCIS, accusing Mr. Williams of entering into the marriage solely for immigration purposes. After Mrs. Alvarado sending this letter to USCIS, the couple attempted to reconcile, seeing a marriage counselor for a few visits.

6. Mrs. Alvarado's letter caused USCIS to notify Mr. Williams that his Lawful Permanent Residence was revoked on March 14, 2018. On account of this revocation, Mr. Williams asked USCIS to refer him to Immigration Court in Denver, Colorado. On October 11, 2018, Mr. Williams filed a form I-751, Petition to Remove Conditions on Residence, and requested a waiver of the joint filing requirement because he entered into the marriage in good faith, but the marriage ended in divorce or annulment. 8 CFR § 216.5; *Matter of Stowers*, 22 I&N Dec. 605, 612-614 (BIA 1999). He also asserts that denial of the Petition will cause him hardship. Exh. 1; 8 U.S.C. § 1186a(c)(4).

7. Mr. Williams and the Immigration Court are waiting for USCIS to adjudicate this Petition to determine whether Mr. Williams will be removed for have to voluntarily depart the

8

Complaint for Relief Under the
APA and Writ of Mandamus

U.S. USCIS has failed to adjudicate his application in the manner defined by the INA at section 204. 8 USC § 1154.

8. Plaintiffs have attempted to notify USCIS on multiple occasions that the Petition has been pending for more than a reasonable period, and, most recently, that its processing is outside of the reported processing time advertised by the Agency as the "normal" processing time by making numerous different types of inquiries regarding the petition. The notifications and outcomes are as follows:

   a. Counsel was retained in December of 2020, and did not receive a complete copy of the file from prior counsel. As such, Counsel is not in possession and was not notified of any inquiries that prior counsel made on behalf of the Plaintiff. As such, there may be additional moments of contact between Plaintiff's prior counsel and the Agency that are not listed or disclosed below.

   b. On June 10, 2019, prior counsel for Plaintiff, Mr. Michael McCarroll, sent an email to Defendant Mr. Andrew Lambrecht requesting an expedited interview on the Petition to Remove Conditions prior to the status conference held at the Denver Immigration Court on August 6, 2019. Exh. 4. At that time, the Petition had been pending for eight months. Instant Counsel is unaware of any response from Respondent Lambrecht.

   c. USCIS requested that Plaintiff submit his biometrics at an appointment on July 6, 2019, immediately subsequent to Mr. McCarroll's inquiry. Exh. 5. Plaintiff complied with this request. This was one month after the prior request for expedited treatment referenced in paragraph b above, and after the petition had been pending for nine months.

Complaint for Relief Under the
APA and Writ of Mandamus

d. On June 16, 2021, USCIS requested that Plaintiff appear for an interview at the Denver Field Office on July 20, 2021. Exh. 6. Plaintiff complied. He provided additional evidence of hardship in his matter. The Immigration Services Officer that conducted the interview, Officer Carlos Garcia, stated that he would decide Plaintiff's case within thirty days. Officer Garcia indicated that he would approve the Petition and grant the waiver request, but that he was required to have a supervisor review his decision before issuing it.

e. On September 10, 2021, more than thirty days after the interview referenced in paragraph d above, Counsel sent an email to USCIS to follow up on their decision in this matter in light of the Officer's representation that this matter would be decided within thirty days of the interview. Counsel never received a response.

f. On January 31, 2022, Counsel telephoned the USCIS Customer Service hotline to request an update on the status of the Petition underlying this Complaint. The Customer Service hotline agent indicated that Counsel was not reflected as the authorized representative for this Petition, even though Counsel had previously entered her appearance on this matter on two occasions, first in June of 2021 and second at the interview that occurred on July 20, 2021. USCIS did not disclose any information during this call or issue a case reference number. Counsel filed an additional entry of appearance at that time via mail, which is the only way to file such an entry with the Agency.

g. On March 10, 2022, Counsel sent another follow up email to the supervisory immigration services officer for Officer Garcia, Officer Scott Koenigsberg,

       requesting an update on the status of the Plaintiff's Petition. Counsel did not receive any response from Officer Koenigsberg. Exh. 7.

    h. On May 31, 2022, Counsel and Plaintiff began to correspond with representatives of the Office of John Hickenlooper, Senator for Colorado. Senator Hickenlooper's office submitted various status inquiries for the Plaintiff, on the following dates. Each time, USCIS indicated that the case was undergoing additional checks and continued to be pending with the Denver Field office.

        i. May 31, 2022. Exh. 8.

        ii. June 7, 2022. Exh. 9.

        iii. July 7, 2022. Exh. 10.

        iv. August 14, 2022. Exh. 11.

        v. October 18, 2022. Exh. 12.

        vi. December 22, 2022. Exh. 13.

    i. On December 22, 2022, the Agency indicated to the representative from Senator Hickenlooper's office that the case was "in active processing" and would be decided within forty-five days. That period expired over a month prior to the filing of this Complaint. Exh. 13.

9. Plaintiff also was in contact with Senator Michael Bennet's office. On June 3, 2022, Plaintiff began exchanging information with a staffer, but he never received any information back from that staffer about his case. Exh. 14.

10. On September 2, 2022, Counsel attempted to contact Senator Bennet's office for assistance in this matter but did not receive a response. Exh. 15.

Complaint for Relief Under the
APA and Writ of Mandamus

11. On November 30, 2022, Counsel contacted the USCIS Customer Service Hotline to make an "out of normal processing times" request. The Agent with whom Counsel spoke indicated that Counsel would receive a response from a Level II officer no later than December 21, 2022. Counsel never received a response. The Confirmation ID for this request is SR13342201208DEN.

12. The agency has not yet adjudicated the Plaintiffs' application.

13. The Agency's refusal to complete the adjudication of this Petition has caused the Plaintiffs stress, confusion, and extensive additional expenditures. Had the Plaintiffs' Petition been adjudicated in a timely manner, the Plaintiffs would have had a decision at least two years ago, if not earlier. Plaintiff has had to pay his attorney monitor his case, follow up with the Agency about his case, discuss the matter with Senator Hickenlooper's office, and consult with him about alternative methods of completing his immigration court case.

14. Plaintiff has not been able to travel to his native England since the immigration court matter was initiated in 2018. He has missed countless family events and has suffered the loss of multiple family members without being able to attend funerals or celebrations of life for these loved ones. He has been unable to celebrate and grieve with his family. The separation from his family has caused him emotional and psychological harm.

15. Plaintiff's immigration limbo has also caused him financial hardship and professional confusion as he does not know how much more time he has in the U.S. Plaintiff currently works selling high-end real estate with Silfer, Smith, & Frampton in the Aspen, Colorado area. Although he is growing his brand and his business, he cannot progress beyond his current role as an agent due to his immigration limbo. He cannot move up to become a

stockholder in the company or a partner because he does not know if he will continue to be allowed to live and work in the United States. He is fully aware that his Petition could be denied. He continues to work despite that doubt, but his career is limited by it. This causes him emotional harm in that he is invested in his career success but knows that that success could be terminated by a denial of his petition tomorrow.

## Counts

### COUNT 1

(*Administrative Procedure Act*)

16. The averments set forth above are restated and incorporated by reference.

17. Plaintiffs ask this Court to ORDER Defendants to adjudicate Plaintiffs' Petition immediately and to notify Plaintiffs of the decision on this Petition within thirty (30) days, and to transmit the A-file to the Department's Immigration and Customs Enforcement, Office of the Principle Legal Advisor immediately, pursuant to 8 CFR § 204.2(f)(3) upon completion of the Petition's adjudication. Plaintiff is under the jurisdiction of the Immigration Court, and the Agency's decision on his Petition will determine whether the removal case against him will continue or will be completed.

18. Defendants have failed and refused to adjudicate Plaintiffs' Petition for Alien Relative. Their practices, policies, interpretations of law, conduct, and failures to act violate the *Administrative Procedure Act* because the agency action referenced above is (a) "unlawfully withheld of unreasonably delayed" under 5 USC § 706(1); (b) not resolved with "[d]ue regard for the convenience and necessity of the parties… and within a reasonable time," under 5 USC § 555(b); "arbitrary, capricious, and an abuse of

discretion or otherwise not in accordance with law," under 5 USC § 706(2)(A); and (d) "without observance of procedures required by law," under 5 USC § 706(2)(D).

19. As a result, Plaintiffs have suffered irreparable harm entitling them to injunctive and other relief.

20. When "the agency failed to take discrete agency action that it is required to take," pursuant to 5 USC § 705, a court "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004).

21. Plaintiff asks this Court to declare relief even though the Agency action is not administratively final because the Agency has failed to do its job as an Agency by unlawfully withholding and unreasonably delaying the adjudication of the Petition in a reasonable period as specified by law. As such, Plaintiffs as the Court to determine that this matter is exempt from the duty to exhaust administrative remedies pursuant to *Darby v. Cisneros*. 509 U.S. 137 (1993).

22. Defendants Garland, Mayorkas, Jaddou, Mather, and Lambrecht have a regulatory duty to adjudicate a Petition. If the Agency denies the Petition, it has a duty to notify the Plaintiff. *Id*.

23. In light of the fact that the Agency has not adjudicated the underlying Petition within a reasonable time period, nor has it notified the Petitioner of any further processing, or any further evidence required in order to process the Petition, the APA allows this Court to "provide redress for this type of claim." *Trudeau v. Federal Trade Commission*, 456 F.3d 178, 189 (D.C. Cir. 2006).

Complaint for Relief Under the
APA and Writ of Mandamus

WHEREFORE, Plaintiffs requests that this Court to declare that the Defendants Garland, Mayorkas, Jaddou, and Lambrecht have unreasonably delayed, failed, and refused to adjudicate the Plaintiffs' petition, and they are entitled to an Order of this Court that the Defendants shall adjudicate the Petition in no more than thirty (30) days, and grant such other relief as may be just and proper, including reasonably attorney's fees under the Equal Access to Justice Act (hereinafter "EAJA").

## COUNT 2

### (*Mandamus*)

24. The averments set forth above are restated and incorporated by reference.

25. The Defendants have willfully and unreasonably delayed, failed, and refused to adjudicate Plaintiffs' Form I-751, Petition to Remove Conditions on Residence. Plaintiff asks this Court to issue a Writ of Mandamus, ordering Defendants to adjudicate Plaintiffs' Petition within thirty (30) days.

26. The Defendants have a duty to enforce and administer the *Immigration and Nationality Act*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law. 108-7, § 105 (Feb. 20, 2003).

27. The Defendants have not upheld their duties under the law when they willfully and unreasonably delayed, failed, and refused to adjudicate the Petition.

28. To prevail on a mandamus action, a plaintiff must establish:

    a. He or she has a clear right to the requested relief;

    b. The defendant has a clear duty to perform the act in question; and

    c. No other adequate remedy is available.

    28 USC § 1361.

Complaint for Relief Under the
APA and Writ of Mandamus

29. Defendants Garland, Mayorkas, Jaddou, and Lambrecht have willfully and unreasonably delayed, refused, and failed to address the Plaintiffs' Petition. The Legislatures anticipated agencies to adjudicate this agency application within a reasonable period. 5 USC § 706(1).

30. The Regulation confirms this USCIS duty, and as such, there is a clear right to the relief requested, i.e. adjudication of the Petition and notification to the appropriate agency and/or the petition. 8 C.F.R. § 204.2(f)(3).

31. There is no other adequate remedy available. There is no function within the statute, regulations, or policies that govern this Agency that allow an individual in the Plaintiff's position to expedite this type of relief besides contacting the Agency telephone hotline. There is no remedy to force the Agency to act on these service requests, and as annotated above, the Agency frequently willfully and unreasonably refuses to act on them. There is no function that even allows the Plaintiff to monitor the process of this application except to enter the receipt number for her Application into a USCIS "Case Tracking Tool." However, this tracking tool only notes that the most recent action on her case was that an interview was scheduled. It does not elaborate, and there is no function to obtain elaboration.

WHEREFORE, Plaintiff requests that this Court enter a mandamus ORDER that USCIS must adjudicate Plaintiffs' Petition within a specific period (30 days) and grant such other relief as may be just and proper, including reasonably attorney's fees under the EAJA.

## Prayer for Relief

Wherefore, the Plaintiffs request that this Court enter judgement in their favor and grant relief in the form of an ORDER that USCIS mut adjudicate the Plaintiff's Petition within a

16

Complaint for Relief Under the
APA and Writ of Mandamus

specific period (30 days) and grand such other relief as may be just and proper, including reasonably accrued attorney's fees under the EAJA.

Respectfully submitted this 27rd day of March, 2023.

RICHARDS LAW OFFICE, PC


__s/ Erin C. Richards-Wilhelm___
Erin C. Richards-Wilhelm, Esq.
Richards Law Office, PC
826 ½ Grand Ave., Ste. R18
PO Box 3200
Glenwood Springs, CO 81602
Phone: (970) 456-1922
Fax: (970) 444-1107
Em:Erin@richardslawofficegws.com
www.richardslawofficegws.com
Attorney for the Plaintiff,
Mr. Theodore Williams

17

Complaint for Relief Under the
APA and Writ of Mandamus

## Certificate of Service

I hereby certified that a true and correct copy of the foregoing and the attached Exhibits in Support of this Complaint were submitted by certified USPS mail on March 27, 2023 to the offices for each Defendant:

Defendant Garland:

U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Defendant Mayorkas:
Office of the General Counsel
United States Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, D.C. 20528-0585

Defendant Jaddou
USCIS, Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, Maryland 20588-0099

Defendant Mather:
USCIS, Denver Field Office
12484 East Weaver Pl.
Centennial, CO 80111

Defendant Lambrecht:
USCIS, Denver Field Office
12484 East Weaver Pl.
Centennial, CO 80111

US Attorney's Office
District of Colorado
1801 California St., Ste. 1600
Denver, CO 80202

                                                        __/s/ Cinthia Lopez__
                                                    Cinthia Lopez, Administrator